UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH,

    Plaintiff,

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

    Defendants.

_____/

Case No. 10-13763

Paul D. Borman
United States District Judge

Paul J. Komives
United States Magistrate Judge

**OPINION AND ORDER (1) DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER (Dkt. No. 22), and (2) STRIKING PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL DISCOVERY (Dkt. No. 23)**

On May 17, 2011, Magistrate Judge Paul J. Komives entered an Order Deeming Moot Plaintiff's March 24, 2011 Motion to Compel Discovery. (Dkt. No. 22.) The Magistrate Judge reasoned as follows:

> Defendants Muhammad, Smith, Stair and Stephens filed a response [to Plaintiff's Motion to Compel] on April 13, 2011. [Dkt. No. 18.] Defendant Worthy filed a response on April 27, 2011. [Dkt. No. 20.] Each of the responses claims that defendant(s) "stipulate[s] to an Order requiring that Defendant[s] serve[] responses to Plaintiff's Interrogatories upon Plaintiff no later than Friday, April 29, 2011." [Dkt. No. 18 at 2, Dkt. No. 20 at 2.]
>
> The Court assumes that this exchange of information took place on or before Friday, April 29, 2011. Accordingly, [P]laintiff's March 24, 2011 motion to compel discovery [Dkt. No. 16] is DENIED AS MOOT.

1

(Order at 2.)

Plaintiff, proceeding *pro se*, objected on May 31, 2011, by filing an Appeal of Magistrate's Order Deeming Moot Plaintiff's March 24, 2011 Motion to Compel Discovery. (Dkt. No. 22.) On the same day, Plaintiff also filed a Supplemental Brief to his Motion to Compel. (Dkt. No. 23.) Plaintiff argued in his objections to the Magistrate Judge's Order that he never received the requested discovery from Defendant Smith, and that the discovery provided by the other Defendants "failed to fully answer some interrogatories and objected to others . . . ." (Pl.'s Mot. ¶ 3.) Plaintiff asserts that the Court should "reverse" the Magistrate Judge's May 17, 2011 Order "[s]ince Judge Komives's [sic] order was based on a mistaken assumption" that Defendants had adequately responded to Plaintiff's requested discovery. (Pl.'s Mot. ¶ 6.)

Plaintiff maintained similar arguments in his Supplemental Brief to his Motion to Compel, but with added specificity and with Defendants' discovery responses included as exhibits. However, this Supplemental Brief was filed after entry of the Magistrate Judge's Order on Plaintiff's Motion to Compel. The Court will therefore strike it as untimely. The adequacy of Defendants' discovery responses can be appropriately addressed in a renewed motion to compel.

Federal Rule of Civil Procedure 72(a) dictates that, when a party timely objects, this Court may "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." After reviewing Magistrate Judge Komives' May 17, 2011 Order, the Court finds that it is not clearly erroneous or contrary to law. The Magistrate Judge, having received no reply from Plaintiff stating otherwise, did not err in assuming that Defendants had complied with stipulated discovery deadlines.

Accordingly, the Court will (1) **DENY** Plaintiff's Appeal of the Magistrate Judge's Order,

and (2) **STRIKE** Plaintiff's Supplemental Brief to his Motion to Compel.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 6-29-11