UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

                Plaintiff,

CASE NO. 2:10-CV-13763
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

                Defendants,
                                                              /

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT WORTHY'S JUNE 29, 2011 MOTION TO DISMISS (Doc. Ent. 30)**

**I.    RECOMMENDATION:** The Court should grant in part and deny in part defendant Worthy's June 29, 2011 motion to dismiss (Doc. Ent. 30).

**II.    REPORT:**

**A.    Background**

**1.**    On February 7, 1995, Sam Smith (#241580) was sentenced for December 15, 1994 violations of felony firearm (Mich. Comp. Laws § 750.227b), first-degree criminal sexual conduct (Mich. Comp. Laws § 750.520b) and armed robbery (Mich. Comp. Laws § 750.529). *See* Case No. 99-00454 (Wayne County). The sentences on the latter two charges were 6 - 20 years.

**2.**     On April 6, 1999, Smith was sentenced to 1 - 4 years for an October 31, 1998 violation of assaulting an employee or escape jail (Mich. Comp. Laws § 750.197c).  *See Case* No.  99-6710-1-FH (Chippewa County).[1]

**B.     Facts Underlying Plaintiff's Instant Complaint**

**1.**     In general, Smith claims that, "[i]n 2007, Leeray Stephens pressured Plaintiff to be an informant.  When Plaintiff refused, Stephens and Defendant Doe falsely arrested him for domestic violence (which was later dismissed) and then for gun possession.  A jury acquitted Plaintiff of all charges.  At Plaintiff's parole revocation hearing, Stephens changed his testimony, resulting in a 5-year parole revocation."  Doc. Ent. 1 at 3.

Smith also claims that, "[i]n 2008, Plaintiff asked the other defendants to investigate and prosecute Stephens.  They refused, until Plaintiff wrote the judge in the case in which Plaintiff was acquitted.  Defendants then said they would investigate but failed to do so.  Plaintiff suffered a longer period of incarceration than he would have, loss of his parental rights to his only child, and severe emotional distress, among other things."  Doc. Ent. 1 at 3.

**2.**     Smith also makes specific allegations about the facts underlying plaintiff's complaint, which span the period from December 2006 to March 5, 2010.  Doc. Ent. 1 ¶¶ 10-63.

Among other allegations, Smith contends that he was arrested on March 16, 2007 by Stephens and was charged with carrying a concealed weapon, firearm possession by a felon, and

---

[1]The information in this section was obtained from www.michigan.gov/corrections, "Offender Search."

felony firearm.  Doc. Ent. 1 ¶¶ 26, 33, 34.  On July 11, 2007, a jury acquitted him of the charges.  Doc. Ent. 1 ¶ 35.[2]

Smith states that his parole revocation hearing was conducted on October 11, 2007, at which Stephens allegedly gave perjured testimony.  Doc. Ent. 1 ¶¶ 36-37.  According to Smith, Stephens gave testimony "that was materially opposed to the testimony he gave at Plaintiff's trial on the criminal charges."  Doc. Ent. 1 ¶ 37.  The hearing officer found that plaintiff "had possessed a firearm, in violation of his parole[,]" and Smith's parole was revoked for five (5) years.  Doc. Ent. 1 ¶¶ 38, 39.

Smith claims that he received the transcripts from his 2007 gun trial on May 2008; thereafter, he "sought administrative remedies for Stephens' wrongful conduct[.]"  Doc. Ent. 1 ¶¶ 40-41.  On July 18, 2008, plaintiff wrote to Worthy.  Doc. Ent. 1 ¶ 41.  Smith claims that Worthy referred him to DPD Internal Affairs on August 4, 2008.  Doc. Ent. 1 ¶ 42.

According to Smith, he wrote to Internal Affairs but did not receive a response.  Doc. Ent. 1 ¶ 43.  On November 3, 2008, he wrote to Assistant Wayne County Prosecutor Maria Petito; Petito responded on December 12, 2008.  Doc. Ent. 1 ¶¶ 44-45.

On December 22, 2008, Smith wrote to the trial judge in his gun case (Judge Gregory D. Bill).  Doc. Ent. 1 ¶ 46.  Judge Bill responded with a letter dated February 6, 2009, saying "he had no authority to investigate but that he forwarded Plaintiff's letter to Prosecutor Kym Worthy."  Doc. Ent. 1 ¶ 47.

---

[2]Smith does not provide the case number but does state that the trial judge was the Honorable Gregory D. Bill (Wayne County Circuit Court).  *See* Doc. Ent. 1 ¶ 46, www.michbar.org, "Member Directory."

On or about March 5, 2009, Worthy responded, "saying that Plaintiff could submit his complaint to DPD Internal Affairs[,]" and copied Judge Bill and Commander Brian Stair of Detroit Police Department Internal Affairs. Doc. Ent. 1 ¶ 48. Plaintiff claims he promptly, "and for the second time," submitted documentation to DPD Internal Affairs. Doc. Ent. 1 ¶ 49.

Plaintiff contends he received no response and wrote to Worthy on June 4, 2009. Doc. Ent. 1 ¶ 50. Ali Muhammad of DPD Internal Affairs contacted plaintiff via a June 15, 2009 letter. Doc. Ent. 1 ¶ 51. Smith and Muhammad spoke on the phone on July 22, 2009. Doc. Ent. 1 ¶ 52-53. Smith wrote to Muhammad that same day. Doc. Ent. 1 ¶ 54.

Thereafter, plaintiff wrote several letters. He wrote to Worthy on July 23, 2009, to Muhammad on September 21, 2009, to Detroit Mayor Dave Bing on October 7, 2009, to the Detroit Chief of Police on October 9, 2009, and to Worthy on October 13, 2009. Doc. Ent. 1 ¶¶ 55-59.

On October 14, 2009, Sergeant Alicia L. Smith of DPD Internal Affairs wrote to plaintiff Smith, asking for documents. Doc. Ent. 1 ¶ 60. Plaintiff Smith mailed a third copy of documentary evidence to DPD Internal Affairs on October 23, 2009. Doc. Ent. 1 ¶ 61. The documents were received by E. Henry of DPD Internal Affairs on October 30, 2009. Doc. Ent. 1 ¶ 62.

On March 5, 2010, Commander Brian R. Stair of DPD Internal Affairs sent plaintiff a "form" letter, which stated, "An investigation by Internal Affairs was conducted regarding your complaint and concluded with a finding of 'Not Sustained.'" Doc. Ent. 1 ¶ 63.

**C.    The Instant Complaint**

Smith is currently incarcerated at the MDOC's Alger Correctional Facility (LMF) in Munising, Michigan. On September 21, 2010, while incarcerated at LMF, he filed this prisoner civil rights complaint. Doc. Ent. 1.[3] In plaintiff's words, "[t]his case involves Detroit Police Department (DPD) officers['] retaliation against Plaintiff for his refusal to act as a confidential informant (CI)." Doc. Ent. 1 at 5 ¶ 10. Plaintiff names six (6) defendants in his complaint: Leeray Stephens, John Doe, Ali Muhammad, Alicia Smith, Brian Stair and Kym Worthy. Doc. Ent. 1 at 4-5 ¶¶ 2-7.

Plaintiff's ten (10) causes of action include:

COUNT I: ILLEGAL SEIZURE, 4TH AMENDMENT
COUNT II: RETALIATION, 1ST AMENDMENT
COUNT III: MALICIOUS PROSECUTION, 4TH AMENDMENT
COUNT IV: FALSE ARREST
COUNT V: FALSE IMPRISONMENT
COUNT VI: ABUSE OF PROCESS
COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
COUNT VIII: FRAUD OR MISREPRESENTATION
COUNT IX: FRAUD OR MISREPRESENTATION
COUNT X: CONSPIRACY

Doc. Ent. 1 ¶¶ 73-104.

Plaintiff also filed an application for prisoner to proceed without prepayment of fees or costs. Doc. Ent. 2. On September 28, 2010, Magistrate Judge Whalen entered an order waiving prepayment of the filing fee and directing payment of the initial partial filing fee and subsequent payments (Doc. Ent. 4) and an order directing service without prepayment of costs and authorizing the United States Marshal to collect costs after service is made (Doc. Ent. 5).

---

[3]Shortly thereafter, on September 30, 2010, plaintiff filed *Smith v. Davidson, et al.*, Case No. 4:10-cv-13898-MAG-RSW (E.D. Mich.), which, as stated by plaintiff, "involves the intentional and grossly negligent acts and omissions of state officials, which prevented plaintiff from asserting his parental rights." Doc. Ent. 1 ¶ 14.

Attorneys Jerry L. Ashford and John A. Schapka, both of the City of Detroit Law Department, have appeared on behalf of defendants Stephens, Muhammad, Smith and/or Stair. Attorney Margaret M. Flanagan of Wayne County Corporation Counsel has appeared on behalf of defendant Worthy.[4]

### D.     Defendant Worthy's June 29, 2011 Motion to Dismiss

Currently before the Court is defendant Worthy's June 29, 2011 motion to dismiss. Doc. Ent. 30. Specifically, she argues:

> 1. Prosecutor Worthy is immune from liability for her acts in initiating and prosecuting Plaintiff Sam Smith III, and for her acts that occurred in the course of her role as an advocate for the state.
> 2. Plaintiff Smith's fourth amendment constitutional claims against Prosecutor Worthy must be dismissed, as Plaintiff's claims are barred by governmental immunity under MCL 691.1401 et seq.[5] and/or qualified immunity.

Doc. Ent. 30 ¶¶ 1, 2. Attached to Worthy's motion is her May 27, 2011 affidavit. Doc. Ent. 30-1.

Plaintiff's response was due no later than August 29, 2011. Doc. Ent. 35. On August 8, 2011, plaintiff filed a response. Doc Ent. 37; Doc. Ent. 40 (Certificate of Service). Therein, plaintiff argues that Worthy's affidavit should be excluded under Fed. R. Civ. P. 12(d), because Worthy is "asking for judgment on the pleadings." Doc. Ent. 37 at 2-3. Plaintiff also argues that he "has stated a claim against Worthy, and she is not immune because she was not acting as an

---

[4] Judge Borman has referred this case to me to conduct pretrial matters. Doc. Ent. 11.

[5] Chapter 691 of Michigan Compiled Laws concerns the judiciary, a subsection of which concerns governmental liability for negligence. *See*, *i.e.*, Mich. Comp. Laws §§ 691.1401 - 691.1419.

advocate or within her authority." Doc. Ent. 37 at 3-6. Along with his response, plaintiff filed an affidavit. Doc. Ent. 38.[6]

**E.     Plaintiff's August 8, 2011 First Amended Complaint**

At the same time plaintiff filed his August 8, 2011 response (Doc. Ent. 37) to the instant motion (Doc. Ent. 30), he also filed an August 8, 2011 first amended complaint. Doc. Ent. 36. In addition to naming Stephens, Doe, Stair, Muhammad, Smith and Worthy as defendants, plaintiff's first amended complaint also names as a defendant Maria A. Petito, described as a Wayne County Assistant Prosecutor. *Compare* Doc. Ent. 1 ¶¶ 2-7, Doc. Ent. 36 ¶¶ 7-13.

On August 24, 2011, defendants Stephens, Stair, Muhammad and Smith filed an answer (Doc. Ent. 44) to the first amended complaint, as well as a motion to strike the first amended complaint (Doc. Ent. 43). By an order entered this date, defendants' motion to strike the first amended complaint (Doc. Ent. 43) is being granted.

**F.     Discussion**

**1.**     Defendant Worthy asserts that "any action taken by her was within her capacity as the Wayne County Prosecutor, and thus she is entitled to governmental immunity." Doc. Ent. 30 at 9. In other words, Worthy contends that she "is immune for her actions in initiating and prosecuting Plaintiff." Doc. Ent. 30 at 9-15. She relies at least in part upon Mich. Comp. Laws § 691.1407(5) ("A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or

---

[6]On August 17, 2011, defendants Stephens, Stair, Muhammad and Smith filed a motion for summary judgment (Doc. Ent. 41). This motion, along with plaintiff's September 27, 2011 motion (Doc. Ent. 48) to strike defendants' motion for summary judgment, will be addressed under separate cover.

7

she is acting within the scope of his or her judicial, legislative, or executive authority."). Doc. Ent. 30 at 11, 13.

Worthy contends she "was acting within the scope of her prosecutorial authority when she declined to further pursue Plaintiff's claim following a full investigation and subsequent denial of Plaintiff's claim by Detroit Police Department Internal Affairs (Internal Affairs)." Doc. Ent. 30 at 13. Worthy claims her "decision not to further pursue Plaintiff's claim following a full investigation and subsequent denial by Internal Affairs is dutifully within her discretion as the Wayne County Prosecutor to make." Doc. Ent. 30 at 13-14. Worthy also claims that she "was acting within the scope of her authority during the entire duration of her communication with the Plaintiff in assisting Plaintiff further his claim." Doc. Ent. 30 at 14. She claims her actions "occurred solely in the course of her duties as an advocate for the state[.]" Doc. Ent. 30 at 15.

In Worthy's affidavit, she refers to Smith's December 22, 2008 letter to Judge Bill; Judge Bill's February 6, 2009 letter to Smith, on which Worthy's office was copied; and Worthy's March 5, 2009 letter to Smith, on which the Detroit Police Department Internal Affairs Commander and Judge Bill were copied. Doc. Ent. 30-1 ¶¶ 4-7. Furthermore, she states:

> I was never presented with any findings by any police agency requesting a warrant regarding any of the underlying facts in Mr. Smith's complaint.

Doc. Ent. 30-1 ¶ 8.

**2.** In his affidavit, plaintiff claims that his complaint against Stephens presented a threat to the relationship between prosecutors and police. Doc. Ent. 38 ¶ 17c. According to plaintiff, "Worthy's only prior relationship with Plaintiff was a prosecutor/criminal defendant relationship, which is an adversarial, antagonistic relationship, and thus, Worthy had no inherent interest in helping or assisting Plaintiff and indeed, was predisposed to oppose him, especially with respect

to a complaint against someone with whom she had a trusting, cooperative, and mutually beneficial relationship." Doc. Ent. 38 ¶ 17d. Furthermore, he attests:

> I can present no more facts essential to state a claim or oppose a motion for summary judgment because Ms. Worthy has refused to answer my discovery requests, as outlined above. I would ask for at least 90 days for discovery and an order requiring Worthy to henceforth properly and timely answer my discovery requests.

Doc. Ent. 38 ¶ 18.

**3.** The Court should grant in part and deny in part defendant Worthy's June 29, 2011 motion to dismiss. Doc. Ent. 30. Specifically, defendant Worthy is "immune from liability for her decision to prosecute Plaintiff Smith III and for her acts that occurred in the course of her role as an advocate for the state[,]" Doc. Ent. 30 at 15, such as the 2007 charges for carrying a concealed weapon, firearm possession by a felon, and felony firearm, of which a jury acquitted him on July 11, 2007. Doc. Ent. 1 ¶¶ 26, 33, 34, 35. Furthermore, in his response, plaintiff "admits that Worthy was acting within the scope of her authority when she referred Plaintiff to DPDIA and told Plaintiff that DPDIA would 'properly investigate' his complaint of police criminal activity, even though that she did so fraudulently and with the intent to deceive Plaintiff into trusting DPDIA to properly investigate while his time for suing the police officer expired." Doc. Ent. 37 at 5-6.

However, plaintiff Smith specifically states that he "is not suing Worthy for any prosecutorial acts. He is suing her for administrative, non-advocacy actions, including her admitted 'investigation' of Plaintiff's complaint . . . and her interference with an investigation of criminal acts by police in retaliation for Plaintiff's acquittal and his complaints to officials and news media, which also constituted discrimination, interference with court access, and conspiracy

to violate federal rights." Doc. Ent. 37 at 2.[7]  Plaintiff Smith "believes his [August 8, 2011] amended complaint corrects any deficiencies in factual specificity sufficient to state a claim and clarifies that Plaintiff is not suing Worthy for her prosecution of him but for actions she took later, which were unrelated to her role as an advocate for the state." Doc. Ent. 37 at 4.  Smith explains that he "is suing Worthy for advising police to conduct a sham post-trial investigation of police misconduct and for trying 'to hinder the investigation into the wrongdoing of [her]self and others, and to defeat Plaintiff['s] civil rights suit.'" Doc. Ent. 37 at 4 (quoting *Spurlock v. Thompson*, 330 F.3d 791, 796 (6th Cir. 2003)).  He also explains,

> But Plaintiff is not alleging a state-law claim against Worthy for referring him to DPDIA. [Plaintiff] is alleging state-law claims for asking, instructing, and/or conspiring with DPDIA to not properly investigate Plaintiff's complaint, which is not within the scope of a prosecutor's authority.

Doc. Ent. 37 at 6.  It is plaintiff's position that he "has stated 'plausible' claims against Worthy, for retaliation, discrimination, denial of access to courts, and . . . various state-law claims for her interference with an investigation of police criminal activity." Doc. Ent. 37 at 6.  While this report expresses no opinion about the facial validity of such a claim, it is not addressed in defendant Worthy's June 29, 2011 motion to dismiss.

In sum, defendant Worthy's June 29, 2011 motion to dismiss should be granted to the extent agreed to by plaintiff - to eliminate a cause of action against Worthy regarding the 2007 prosecution of plaintiff which resulted in an acquittal.  However, defendant Worthy's June 29, 2011 motion to dismiss should be denied to the extent plaintiff is attempting to assert a count of conspiracy against Worthy regarding her handling of his 2008 request to investigate and

---

[7] Here, plaintiff refers to several paragraphs of his August 8, 2011 first amended complaint. *See* Doc. Ent. 36 ¶¶ 52, 70-71, 84-85, 88-91, 96-98, 106-107.

prosecute Stephens regarding his allegedly perjured testimony offered at Smith's October 2007 parole revocation hearing. Furthermore, such denial should be without prejudice to defendant Worthy's right to file a motion for summary judgment regarding any surviving claim against her.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2012