UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

          Plaintiff,

CASE NO. 2:10-CV-13763
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

          Defendants,
_____/

### ORDER GRANTING THE AUGUST 24, 2011 MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. Ent. 43) and DIRECTING THE CLERK OF THE COURT TO STRIKE PLAINTIFF'S AUGUST 8, 2011 FIRST AMENDED COMPLAINT (Doc. Ent. 36)

**A.**  **Plaintiff's August 8, 2011 First Amended Complaint**

At the same time plaintiff filed his August 8, 2011 response (Doc. Ent. 38) to defendant Worthy's June 29, 2011 dispositive motion (Doc. Ent. 30), plaintiff also filed an August 8, 2011 first amended complaint (Doc. Ent. 36). In addition to naming Stephens, Doe, Stair, Muhammad, Smith and Worthy as defendants, plaintiff's first amended complaint also names as a defendant Maria A. Petito, described as a Wayne County Assistant Prosecutor. Compare Doc. Ent. 1 ¶¶ 2-7, Doc. Ent. 36 ¶¶ 7-13.

As was the case with plaintiff's original complaint, the facts underlying the first amended complaint span the period from December 2006 to March 5, 2010. Compare Doc. Ent. 1 ¶¶ 10-63, Doc. Ent. 36 ¶¶ 15-71. Both the original and the first amended complaints set forth damages. *Compare* Doc. Ent. 1 ¶¶ 64-72, Doc. Ent. 36 ¶¶ 72-81.

While the original complaint enumerates ten (10) counts (Doc. Ent. 1 ¶¶ 73-104), the first amended complaint sets forth twelve (12) claims for relief:

> COUNT I.     ILLEGAL SEIZURE, 4TH AMENDMENT
> COUNT II.    RETALIATION, 1ST AMENDMENT
> COUNT III.   MALICIOUS PROSECUTION, 4TH AMENDMENT
> COUNT IV.    EQUAL PROTECTION, 14TH AMENDMENT
> COUNT V.     INTERFERENCE WITH ACCESS TO COURTS, 1ST AMENDMENT
> COUNT VI.    FALSE ARREST
> COUNT VII.   FALSE IMPRISONMENT
> COUNT VIII.  ABUSE OF PROCESS
> COUNT IX.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
> COUNT X.     FRAUD OR MISREPRESENTATION
> COUNT XI.    DUTY OF REASONABLE CARE
> COUNT XII.   CONSPIRACY TO VIOLATE FEDERAL AND STATE RIGHTS

Doc. Ent. 36 ¶¶ 82-107.

On August 24, 2011, defendants Stephens, Stair, Muhammad and Smith filed an answer (Doc. Ent. 44) to the first amended complaint.

**B.   Defendants Stephens, Stair, Muhammad and Smith's August 24, 2011 Motion to Strike**

At the same time they filed their August 24, 2011 answer (Doc. Ent. 44) to plaintiff's first amended complaint, defendants Stephens, Stair, Muhammad and Smith also filed a motion (Doc. Ent. 43) to strike the first amended complaint. Defendants' motion is based upon Fed. R. Civ. P. 15(a)(1) and (2). Doc. Ent. 43 at 4.

Plaintiff responded to defendants' motion on September 27, 2011. Doc. Ent. 50.

**C.   Discussion**

**1.** Each of the five (5) named defendants filed an answer to plaintiff's original complaint, which plaintiff filed on September 21, 2010 (Doc. Ent. 1). Defendants Stair and Muhammad filed an answer to the complaint on October 18, 2010. Doc. Ent. 7. Defendant Smith filed an answer

on November 5, 2010.  Doc. Ent. 12.  Defendant Stephens filed an answer on November 24, 2010.  Doc. Ent. 14.  On November 30, 2010, defendant Worthy filed an answer.  Doc. Ent. 15.

Pursuant to the Court's June 2, 2011 scheduling order, discovery in this case closed on July 17, 2011.  Doc. Ent. 24.  Following the close of discovery, plaintiff filed his first amended complaint (August 8, 2011).  Doc. Ent. 36.

The Court's scheduling order had also provided that dispositive motions were due by August 17, 2011.  Doc. Ent. 24.  Defendants Stair, Muhammad, Smith and Stephens filed their dispositive motion on August 17, 2011.  Doc. Ent. 41.

**2.**     In the instant August 24, 2011 motion, defendants Stair, Muhammad, Smith and Stephens argue that plaintiff's August 8, 2011 first amended complaint (Doc. Ent. 36) is unauthorized. Doc. Ent. 43 ¶ 10.  In support of this argument, they rely upon certain subsections of Fed. R. Civ. P. 15(a) ("Amendments Before Trial."):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1) and (2).

**3.**     Plaintiff filed his August 8, 2011 first amended complaint more than twenty-one (21) days after serving his September 21, 2010 original complaint.  Fed. R. Civ. P. 15(a)(1)(A).

Plaintiff's August 8, 2011 first amended complaint was also filed more than twenty-one (21) days after service of any of the five (5) answers, the latest of which was Worthy's November 30, 2010 answer (Doc. Ent. 15).  Fed. R. Civ. P. 15(a)(1)(B).

The analysis could end there, but it is also noteworthy that plaintiff's August 8, 2011 first amended complaint was filed more than twenty-one (21) days after Worthy's June 29, 2011 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Ent. 30).  Fed. R. Civ. P. 15(a)(1)(B).  The same would be true even if the Court treated the first amended complaint as having been filed on August 3, 2011 - the date plaintiff signed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").

**4.**     Therefore, plaintiff needs to seek leave of this Court to amend his September 21, 2010 complaint.  Fed. R. Civ. P. 15(a)(2).  In plaintiff's response, filed September 27, 2011, he states that , "if this Court rules that Plaintiff's [first amended complaint] is not allowed under [Fed. R. Civ. P.] 15(a)(1), Plaintiff is filing a motion for leave to amend along with this response."  Doc. Ent. 50 ¶ 10.

On September 27, 2011, plaintiff did file a motion for leave to file a first amended complaint.  Doc. Ent. 51.  This motion will be addressed under separate cover.

**D.**     **Order**

Upon consideration, defendants Stephens, Stair, Muhammad and Smith's August 24, 2011 motion (Doc. Ent. 43) to strike plaintiff's August 8, 2011 first amended complaint is GRANTED.

The Clerk of the Court SHALL strike plaintiff's August 8, 2011 first amended complaint (Doc. Ent. 36).  However, this ruling is without prejudice to plaintiff filing a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings"), as he has done by his September 27, 2011 motion for leave to file a first amended complaint (Doc. Ent. 51).

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 2, 2012

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 2, 2012 by electronic and U.S. mail.

s/Michael Williams
Relief Case Manager for the Honorable
Paul J. Komives

5