UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

                Plaintiff,

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

                Defendants,
                                    /

CASE NO. 2:10-CV-13763
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

**Proof of Service**

The undersigned certifies that a copy of this Order was served on the attorneys and parties of record herein by electronic means or First Class U.S. Mail on **March 12, 2012.**

                s/Kim Grimes
Acting in the absence of
Eddrey Butts, Case Manager

**ORDER DENYING PLAINTIFF'S JUNE 17, 2011 MOTION TO EXTEND (Doc. Ent. 26), DENYING PLAINTIFF'S JUNE 30, 2011 MOTION TO COMPEL (Doc. Ent. 32) and DENYING PLAINTIFF'S JULY 18, 2011 MOTION TO COMPEL (Doc. Ent. 33)**

### A.    Plaintiff's Original Complaint & Pending Dispositive Motions

Plaintiff filed his original complaint on September 21, 2010 against six (6) defendants: Leeray Stephens, John Doe, Ali Muhammad, Alicia Smith, Brian Stair and Kym Worthy. Doc. Ent. 1 at 4-5 ¶¶ 2-7. Stair and Muhammad filed an answer on October 18, 2010 (Doc. Ent. 7), Alicia Smith filed an answer on November 5, 2010 (Doc. Ent. 12), Stephens filed an answer on November 24, 2010 (Doc. Ent. 14), and Worthy filed an answer on November 30, 2010 (Doc. Ent. 15).

There are several motions pending before the Court, two of which are dispositive - defendant Worthy's June 29, 2011 motion to dismiss (Doc. Ent. 30) and defendants Muhammad, Alicia Smith, Stair and Stephens's August 17, 2011 motion for summary judgment (Doc. Ent. 41).

On March 2, 2011 and on March 8, 2011, I entered reports and recommendations (Doc. Ent. 53, Doc. Ent. 57) with regard to these motions. Specifically, I recommended that the Court

grant in part and deny in part defendant Worthy's June 29, 2011 motion to dismiss (Doc. Ent. 30) and grant defendants Stephens, Stair, Muhammad and Smith's August 17, 2011 motion for summary judgment (Doc. Ent. 41).[1]

**B.     Pending Discovery Motions**

1.     Pursuant to the Court's June 2, 2011 scheduling order, the discovery deadline was July 17, 2011 and the dispositive motion deadline was August 17, 2011. Doc. Ent. 24.

On June 17, 2011, plaintiff filed a motion for extension of time to complete discovery. Doc. Ent. 26 at 1-5; *see also* Doc. Ent. 28 (Certificate of Service). He seeks a 90-day extension of the July 17, 2011 discovery deadline. Doc. Ent. 26 at 5. Plaintiff maintains that, "despite his diligence, he cannot meet the July 17, 2011 discovery deadline[,] because[:]

(1)     Plaintiff is an inmate confined to an institution proceeding without the assistance of counsel,

(2)     the defendants have refused to timely answer Plaintiff's discovery requests (taking over 130 days to answer his first sets of interrogatories),[2]

(3)     the defendants have inappropriately objected to many of the interrogatories,

(4)     Plaintiff appealed [Doc. Ent. 22] the magistrate judge's [May 17, 2011] order [Doc. Ent. 21] deeming moot Plaintiff's [March 24, 2011] motion [Doc. Ent. 16] to compel discovery (which order was based on the

---

[1]Additionally, on September 27, 2011, plaintiff filed a motion to amend his complaint (Doc. Ent. 51). This motion will be addressed under separate cover.

[2]Plaintiff explains that he served his first sets of interrogatories on all defendants on December 10, 2011. Doc. Ent. 26 at 2 ¶ 3. Then, he wrote letters dated February 8, 2011 (Doc. Ent. 16 at 4-5); he filed his motion to compel on March 24, 2011 (Doc. Ent. 16); and defendants responded to that motion in April 2011 (Doc. Entries 18 and 20). According to plaintiff, all defendants, with the exception of defendant Alicia Smith, served answers to the interrogatories on April 28, 2011. Doc. Ent. 26 at 2 ¶ 3; *see also* Doc. Ent. 33 at 2 ¶ 6.

          magistrate's mistaken assumption that the defendants had answered
Plaintiff's interrogatories), and that appeal is still pending,[3]

(5)     the court clerk has refused to provide Plaintiff with blank subpoena forms for discovery requests on non-parties, failed to provide Plaintiff with all copies of this Court's orders, and failed to docket all of Plaintiff's papers,

(6)     Defendants have still not responded to Plaintiff's May [20], 2011 request for production of documents,

(7)     as a pro se inmate, Plaintiff can only follow upon his interrogatories and requests for production with more interrogatories, and

(8)     Plaintiff has filed a second motion to appoint counsel [on June 17, 2011 (Doc. Ent. 27)], which is still pending.

Doc. Ent. 26 at 1; *see also* Doc. Ent. 26 at 3-4 ¶ 12. Plaintiff alleges that "[w]ithout an attorney, he is unable to depose the defendants and must therefore rely on interrogatories and requests for production of documents and must follow up with more interrogatories[,] and Defendants have so far refused to respond to Plaintiff's discovery requests in a timely manner . . . and even then have failed to fully answer the interrogatories[.]" Doc. Ent. 26 ¶¶ 13. He also claims that "the defendants are mostly to blame for the need to extend the discovery deadline." Doc. Ent. 26 at 4 ¶ 14.

**2.**     On June 30, 2011, plaintiff filed a second motion to compel discovery. Doc. Ent. 32. Here, plaintiff seeks a response to his May 20, 2011 request for production of documents or things to defendant Muhammad, which reads:

    Plaintiff requests that Defendant Ali Muhammad produce for inspection and copying the electronic recording of Defendant Mu[ha]mmad's phone interview of

---

[3]Since the June 17, 2011 filing of plaintiff's motion for extension (Doc. Ent. 26), Judge Borman issued his June 29, 2011 opinion and order (Doc. Ent. 31) denying plaintiff's May 31, 2011 appeal (Doc. Ent. 22) of my May 17, 2011 order (Doc. Ent. 21) deeming moot plaintiff's March 24, 2011 motion to compel (Doc. Ent. 16).

> Plaintiff, which Defendant Muhammad made on July 22, 2009 (see Defendant Muhammad's Answers to Plaintiff's Interrogatories), and the notes and recording of Muhammad's interview of Defendant Leeray Stephens regarding Plaintiff's allegations of Stephens' misconduct.
>
> Plaintiff requests that Defendant Muhammad produce a paper transcription of the recordings, transcribed by a certified transcriptionist. See FRCP 34(b)(1)(C).
>
> Plaintiff requests that Defendant Ali Muhammad mail the notes and paper transcriptions of the recordings to Plaintiff within 30 days after being served with this request. See FRCP 34(b)(1)(B) and 34(b)(2)(A).

Doc. Ent. 32 at 4. As of June 27, 2011, plaintiff claims, "Defendant Muhammad has not responded to Plaintiff's above-described request." Doc. Ent. 32 at 2 ¶ 3. In addition to a response to this request, plaintiff seeks payment of $52.00 "in expenses incurred in filing this motion." Doc. Ent. 32 at 3.

**3.** On July 18, 2011, plaintiff filed a third motion to compel discovery. Doc. Ent. 33 at 1-6. Here, he requests an order compelling defendants Stephens, Muhammad, Stair, Worthy, Alicia Smith and defense counsel to respond to plaintiff's discovery requests and "to pay Plaintiff's reasonable expenses incurred in filing this motion of $52.00." Doc. Ent. 33 at 1, 6.

By this motion, plaintiff seeks a response to his June 13, 2011 request for production of documents on counsel for defendants for "[a] transcription of the deposition of Plaintiff conducted on June 10, 2011, as well as all notes, records, and writings, electronically stored or otherwise, made by counsel for the defendants in relation to the deposition." Doc. Ent. 33 at 4 ¶ 13. Furthermore, plaintiff seeks a response to his June 15, 2011 **(a)** request for production of documents to defendants Worthy, Stair and Alicia Smith; **(b)** request for production of documents to defendant Leeray Stephens; **(c)** second set of interrogatories to defendant Stephens (Nos. 12-18); **(d)** second set of interrogatories to defendant Ali Muhammad (Nos. 17-21); **(e)** second set of

interrogatories to defendant Stair (No. 15); and **(f)** second set of interrogatories to defendant Worthy (Nos. 11-13). Doc. Ent. 33 at 4-6 ¶ 14.[4]

**C.    Order**

Upon consideration, plaintiff's June 17, 2011 motion for extension of time to complete discovery (Doc. Ent. 26) is DENIED, plaintiff's June 30, 2011 second motion to compel discovery (Doc. Ent. 32) is DENIED and plaintiff's July 18, 2011 third motion to compel discovery (Doc. Ent. 33) is DENIED. Such denials are without prejudice to renewal after the Court rules upon the above-described dispositive motions (Doc. Entries 30 and 41), regarding which I have recently entered reports and recommendations (Doc. Entries 53 and 57).

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

```
                                      s/Paul J. Komives
                                     PAUL J. KOMIVES
Dated:  March 12, 2012               UNITED STATES MAGISTRATE JUDGE
```

---

[4] Plaintiff's July 18, 2011 motion also seeks to "renew[] his motion to compel full and lawful answers to his first sets of interrogatories [served on December 10, 2010][,]" Doc. Ent. 33 at 3 ¶ 10, which were the subject of his March 24, 2011 first motion to compel (Doc. Ent. 16). However, as previously noted, plaintiff's March 24, 2011 first motion to compel (Doc. Ent. 16) was deemed moot on May 17, 2011 (Doc. Ent. 21). Furthermore, plaintiff's May 31, 2011 appeal of that order (Doc. Ent. 22) was denied on June 29, 2011 (Doc. Ent. 31).