UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

                                                   CASE NO. 2:10-CV-13763
                 Plaintiff,         JUDGE PAUL D. BORMAN
                                                   MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR
and KYM WORTHY,

                 Defendants,
_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S JUNE 17, 2011 SECOND MOTION TO APPOINT COUNSEL
## (Doc. Ent. 27)

**A.    Plaintiff's First Motion to Appoint Counsel**

On October 27, 2010, plaintiff filed a motion to appoint counsel (Doc. Ent. 10 at 3-5). My November 15, 2010 order denied plaintiff's motion to appoint counsel without prejudice and provided, in part: "Should plaintiff lose access to a legal writer, should his claims survive dispositive motion practice and/or should this case proceed to trial, plaintiff will be permitted to renew his request for the appointment of counsel." Doc. Ent. 13 at 8. In the same order, I granted defendants Stair and Muhammad's motion for leave to depose plaintiff (Doc. Ent. 8) and denied plaintiff's motion for entry of default (Doc. Ent. 10 at 6-7). Doc. Ent. 13 at 8-9.[1]

Since that order, but before the filing of the instant motion, the Court entered an order (Doc. Ent. 21) deeming moot plaintiff's March 24, 2011 motion to compel discovery and a

---

[1] Plaintiff claims he never received a copy of my November 15, 2010 order (Doc. Ent. 13). Doc. Ent. 27 at 2 ¶ 3.

scheduling order (Doc. Ent. 24) setting the discovery deadline for July 17, 2011 and the dispositive motion deadline for August 17, 2011.  Also, on June 10, 2011, plaintiff was deposed.  *See* Doc. Ent. 41-2 (Deposition Transcript).

**B.     Plaintiff's Second Motion to Appoint Counsel**

Currently before the Court is plaintiff's June 17, 2011 second motion to appoint counsel (Doc. Ent. 27 at 1-4).[2]  Therein, he contends that, in the nearly eight (8) months since his first motion to appoint counsel, he "has been unable, despite considerable diligence, to obtain discovery from Defendants, to obtain documents from the court clerk, to meet the July 17, 2011 discovery deadline, to preserve his rights during depositions, and to otherwise prosecute the action without the assistance of counsel."  Doc. Ent. 27 at 1; *see also* Doc. Ent. 27 at 3 ¶ 5.

Plaintiff claims that the issues in this case are complex.  Doc. Ent. 27 at 2-3 ¶ 4.  He also claims that this case's procedural posture is complex.  Doc. Ent. 27 at 3-4 ¶ 5.  In so doing, he refers to matters which are the subjects of various motions he has filed, such as his March 24, 2011 first motion to compel (Doc. Ent. 16), his May 31, 2011 appeal (Doc. Ent. 22), his June 17, 2011 motion to correct the record (Doc. Ent. 25), his June 17, 2011 motion for extension of time to complete discovery (Doc. Ent. 26), his June 20, 2011 motion to suppress the deposition of plaintiff (Doc. Ent. 29), and his July 18, 2011 third motion to compel (Doc. Ent. 33).  Doc. Ent. 27 at 3-4 ¶¶ 5(a), 5(b).

Plaintiff maintains that he "has very little knowledge of the law and legal procedure and is relying on the assistance of another inmate, who also cannot depose Defendants, obtain other discovery, compel action by the court clerk, provide legal advice, or otherwise represent Plaintiff

---

[2]*See also* Doc. Ent. 28 (Certificate of Service).

in this case." Doc. Ent. 27 at 4 ¶ 6. It is plaintiff's position that "he has not been and will not be able [to] preserve his rights and prosecute his case without the assistance of counsel." Doc. Ent. 27 at 4 ¶ 9.

**C.     Discussion**

Since the entry of my November 15, 2010 order (Doc. Ent. 13), plaintiff has filed several matters, among which are three motions to compel (Doc. Entries 16, 32 & 33), three responses to motions (Doc. Entries 37, 47 & 50) and various other motions (Doc. Entries 25, 26, 29, 34, 39, 46, 48 & 51). What I recognized in my November 15, 2010 order (Doc. Ent. 13) remains true: (1) "plaintiff's filings to this point indicate that he can adequately represent his interests[,]" (2) I am not convinced that plaintiff's case is too complex, and (3) to date, Smith has presented quality documents to the Court. In sum, as was my opinion on November 15, 2010, "I am not convinced that appointment of counsel is warranted at this time." Doc. Ent. 13 at 5-7. Plaintiff may renew his motion to appoint counsel if this case survives dispositive motion practice.

**D.     Order**

Upon consideration, plaintiff's June 17, 2011 second motion to appoint counsel (Doc. Ent. 27) is DENIED WITHOUT PREJUDICE. Should plaintiff's claims survive dispositive motion practice, plaintiff may renew his request for the appointment of counsel.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 13, 2012                s/Paul J. Komives
                                     PAUL J. KOMIVES
                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 13, 2012 by electronic and U.S. mail.

                                     s/Michael Williams
                                     Relief Case Manager for the Honorable Paul J. Komives