UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

                                              CASE NO. 2:10-CV-13763
                        Plaintiff,            JUDGE PAUL D. BORMAN
                                              MAGISTRATE JUDGE PAUL J. KOMIVES
v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

                        Defendants,
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S JUNE 17, 2011
MOTION TO CORRECT THE RECORD (Doc. Ent. 25) and DIRECTING THE CLERK
OF THE COURT TO MAIL AN ORDER (Doc. Ent. 13) TO PLAINTIFF AT ALGER
CORRECTIONAL FACILITY (LMF)**

**A.      Background**

**1.**      On October 27, 2010, a document was filed with the Court which included (a) plaintiff's

response (Doc. Ent. 10 at 1-2) to Stair and Muhammad's October 18, 2010 motion for leave to

depose plaintiff (Doc. Ent. 8); (b) plaintiff's motion to appoint counsel (Doc. Ent. 10 at 3-5) and

(c) plaintiff's declaration for entry of default (Doc. Ent. 10 at 6-7).  On November 15, 2010, I

entered an order (Doc. Ent. 13) granting defendants Stair and Muhammad's October 18, 2010

motion for leave to depose plaintiff (Doc. Ent. 8); denying without prejudice plaintiff's motion to

appoint counsel (Doc. Ent. 10 at 3-5) and denying plaintiff's motion for entry of default (Doc.

Ent. 10 at 6-7).

**2.**      On March 24, 2011, plaintiff filed a motion to compel discovery (Doc. Ent. 16).  On May

17, 2011, I entered an order deeming this motion moot.  Doc. Ent. 21.  Plaintiff filed an appeal of

this order on May 31, 2011 (Doc. Ent. 22).  He also filed a supplement to his motion to compel

discovery.  Doc. Ent. 23.  Thereafter, on June 29, 2011, Judge Borman entered an opinion and

order (Doc. Ent. 31) denying plaintiff's appeal and striking his supplement.

**B.    Instant Motion**

Plaintiff claims that, on May 20, 2011, he "wrote a letter to the Clerk of this Court,

requesting (a) a copy of the November 15, 2010 Order, (2) a blank subpoena form, pursuant to

[Fed. R. Civ. P.] 45(a)(3),[1] for production of documents from a non-party, and (3) a copy of the

civil docket."  Doc. Ent. 25 ¶ 6.  According to plaintiff, on or about June 7, 2011, he received a

copy of the Court's May 17, 2011 order (Doc. Ent. 21) and a copy of the Civil Docket, dated June

1, 2011; however, he did not receive the blank subpoena form.  Doc. Ent. 25 ¶ 7.

Currently before the Court is plaintiff's June 17, 2011 motion to correct the record.  Doc.

Ent. 25.[2]  Plaintiff filed his motion pursuant to Fed. R. Civ. P. 60(a) ("Corrections Based on

Clerical Mistakes; Oversights and Omissions.").

Specifically, plaintiff requests that the Court (1) docket his first motion to appoint

counsel;[3] (2) mail him a copy of the Court's November 15, 2010 order;[4] (3) docket plaintiff's

---

[1]Fed. R. Civ. P. 45(a)(3) provides in part, "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."

[2]*See also* Doc. Ent. 28 (Certificate of Service).

[3]Plaintiff correctly states that the civil docket in this case describes the October 27, 2010 filing (Doc. Ent. 10) solely as a response to defendants' October 18, 2010 motion (Doc. Ent. 8). Doc. Ent. 25 ¶ 2. However, as evidenced by my November 15, 2010 order (Doc. Ent. 13), plaintiff's motion to appoint counsel (Doc. Ent. 10 at 3-5) and his declaration for entry of default (Doc. Ent. 10 at 6-7) were filed as part of the same October 27, 2010 docket entry and were each addressed by this Court.

[4]Plaintiff claims he never received a copy of the Court's November 15, 2010 order (Doc. Ent. 13).  Doc. Ent. 25 ¶ 3.

supplement to the motion to compel discovery; (4) docket plaintiff's appeal of my May 17, 2011

order deeming moot his motion to compel discovery;[5] and (5) send plaintiff three signed, blank

subpoena forms.  Doc. Ent. 25 at 3.

**C.    Order**

Upon consideration, plaintiff's June 17, 2011 motion to correct the record (Doc. Ent. 25)

is GRANTED to the extent he seeks a copy of the Court's November 15, 2010 order (Doc. Ent.

13).  The Clerk of the Court SHALL serve plaintiff with a copy of this order at Alger Correctional

Facility (LMF), N6141 Industrial Park Drive, Munising, Michigan 49862.

However, plaintiff's requests for docketing are DENIED, as each of the items described

has already been docketed.  *See* Doc. Ent. 10 at 3-5, Doc Ent. 23, Doc. Ent. 22.

Finally, considering that the July 17, 2011 discovery and August 17, 2011 dispositive

motion deadlines have now passed, plaintiff's June 17, 2011 request for three signed, blank

subpoena forms to obtain production of documents from a non-party, Fed. R. Civ. P. 45(a)(3), is

DENIED WITHOUT PREJUDICE to renewal if warranted by the procedural posture of the case

after the Court has ruled upon the pending dispositive motions (Doc. Entries 30 and 41) and any

objections to my recently entered orders.  *See* 28 U.S.C. 636(b)(1).

**IT IS SO ORDERED.**

---

[5]Plaintiff explains that the "supplement and appeal do not appear on the Civil Docket, printed on June 1, 2011."  Doc. Ent. 25 ¶ 5.  The appeal, signed on May 25, 2011 and filed on May 31, 2011 (Doc. Ent. 22), was entered on the afternoon of June 1, 2011.  The supplement, signed on May 20, 2011 and filed on May 31, 2011 (Doc. Ent. 23), was entered on the afternoon of June 1, 2011.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an objection for consideration by the district judge under 28 U.S.C. § 636(b)(1).


                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
Dated: March 15, 2012                         UNITED STATES MAGISTRATE JUDGE



I hereby certify that a copy of the forgoing document was sent to parties of record on March 15, 2012, by electronic and U.S. mail.



                                              s/Michael Williams
                                              Relief Case Manager for the Honorable
                                              Paul J. Komives