UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

                                        CASE NO. 2:10-CV-13763
           Plaintiff,       JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE PAUL J. KOMIVES

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

           Defendants,
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SEPTEMBER 27, 2011 MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (Doc. Ent. 51)

**A.    Plaintiff's August 8, 2011 First Amended Complaint Was Stricken**

At the same time plaintiff filed his August 8, 2011 response (Doc. Ent. 37) to defendant Worthy's June 29, 2011 dispositive motion (Doc. Ent. 30), plaintiff also filed an August 8, 2011 first amended complaint (Doc. Ent. 36).[1]

On August 24, 2011, defendants Stephens, Stair, Muhammad and Smith filed an answer (Doc. Ent. 44) to the first amended complaint. However, at the same time, they also filed a motion (Doc. Ent. 43) to strike the first amended complaint. Plaintiff responded to defendants' motion on September 27, 2011. Doc. Ent. 50.[2]

---

[1] *See also* Doc. Ent. 40 (Certificate of Service).

[2] On March 2, 2012, I entered an order (Doc Ent. 56) granting plaintiff's September 19, 2011 motion to extend response deadline (Doc. Ent. 46).

On March 2, 2012, I entered an order (Doc. Ent. 55) granting the August 24, 2011 motion (Doc. Ent. 43) to strike plaintiff's first amended complaint (Doc. Ent. 36) and directing the Clerk of the Court to strike plaintiff's August 8, 2011 first amended complaint (Doc. Ent. 36).  In my order, I noted that plaintiff needed "to seek leave of this Court to amend his September 21, 2010 complaint."  Doc. Ent. 55 at 4 (citing  Fed. R. Civ. P. 15(a)(2)).  My order also provided that my ruling was "without prejudice to plaintiff filing a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15 ("Amended and Supplemental Pleadings"), as he has done by his September 27, 2011 motion for leave to file a first amended complaint (Doc. Ent. 51)."  Doc. Ent. 55 at 5.

**B.      Plaintiff's September 27, 2011 Motion for Leave to File a First Amended Complaint**

At the same time plaintiff filed his September 27, 2011 response (Doc. Ent. 50) to defendants' August 24, 2011 motion to strike (Doc. Ent. 43), plaintiff also filed the instant September 27, 2011 motion (Doc. Ent. 51) for leave to file a first amended complaint.[3]

Therein, plaintiff contends his August 8, 2011 first amended complaint (Doc. Ent. 36) "is permitted without leave of the Court, under [Fed. R. Civ. P.] 15(a)(2), which allows a party to amend a pleading once as a matter of course within 21 days after being served with a motion to dismiss."  Doc. Ent. 51 ¶ 3.  Furthermore, plaintiff states, "[i]f the Court finds that Plaintiff was required to seek leave to file his First Amended Complaint, Plaintiff hereby requests such leave."  Doc. Ent. 51 ¶ 7.  Plaintiff explains that he filed his August 8, 2011 first amended complaint (Doc. Ent. 36) in response to defendant Worthy's June 29, 2011 motion to dismiss (Doc. Ent. 30). According to plaintiff, his first amended complaint "nam[es] each defendant under each separate

---

[3]*See also* Doc. Ent. 52 (Certificate of Service).

count, but it does not add any new facts, although it does add some details that were only mentioned generally in the [September 21, 2010] original complaint [Doc. Ent. 1]." Doc. Ent. 51 ¶ 9. Also, with respect to prejudice, plaintiff notes that his first amended complaint (Doc. Ent. 36), signed on August 3, 2011 and filed with the Court on August 8, 2011, was submitted in advance of the August 17, 2011 dispositive motion deadline[4] and, likewise, in advance of defendants Muhammad, Alicia Smith, Stair and Stephens's August 17, 2011 motion for summary judgment (Doc. Ent. 41).  Doc. Ent. 51 ¶ 10.

**C.    Discussion**

From March 2, 2012 to this date, this Court has entered two reports and recommendations (Doc. Entries 53 and 57), as well as multiple orders (Doc. Entries 54, 55, 56, 58, 59, 60 & 61). Upon consideration, plaintiff's September 27, 2011 motion for leave to file a first amended complaint (Doc. Ent. 51) is denied without prejudice to renewal after the Court has ruled upon the pending dispositive motions (Doc. Entries 30 and 41) and any objections to my recently entered orders.  *See* 28 U.S.C. 636(b)(1).

**D.    Order**

Accordingly, plaintiff's September 27, 2011 motion for leave to file a first amended complaint (Doc. Ent. 51) is **DENIED WITHOUT PREJUDICE** to renewal after the Court has ruled upon the pending dispositive motions (Doc. Entries 30 and 41) and any objections to my recently entered orders.  *See* 28 U.S.C. 636(b)(1).

**IT IS SO ORDERED.**

---

[4]Pursuant to the Court's June 2, 2011 scheduling order (Doc. Ent. 24), the discovery deadline was July 17, 2011 and the dispositive motion deadline was August 17, 2011.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an objection for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: March 15, 2012 | UNITED STATES MAGISTRATE JUDGE |

I hereby certify that a copy of the forgoing document was sent to parties of record by electronic and U.S. mail.

                                               s/Michael Williams
                                               Relief Case Manager for the Honorable
                                               Paul J. Komives