UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH (#241580),

|  |  |
|---|---|
|  | CASE NO. 2:10-CV-13763 |
| Plaintiff, | JUDGE PAUL D. BORMAN |
|  | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,
ALICIA SMITH, BRIAN STAIR,
and KYM WORTHY,

Defendants,
_____/

## ORDER DENYING PLAINTIFF'S JUNE 20, 2011 MOTION TO SUPPRESS THE DEPOSITION OF PLAINTIFF (Doc. Ent. 29)

**A.    On November 15, 2010, the Court Granted Defendants Stair and Muhammad's October 18, 2010 Motion for Leave to Depose.**

On October 18, 2010, defendants Stair and Muhammad filed a motion for leave to depose plaintiff.  Doc. Ent. 8.[1]  On October 27, 2010, plaintiff filed three matters: (1) a response to defendants' motion for leave to depose (Doc. Ent. 10 at 1-2); (2) a motion to appoint counsel (Doc. Ent. 10 at 3-5); and (3) a declaration for entry of default (Doc. Ent. 10 at 6-7).

On November 15, 2010, I entered an order (Doc. Ent. 13) granting defendants Stair and Muhammad's motion for leave to depose plaintiff (Doc. Ent. 8); denying without prejudice plaintiff's motion to appoint counsel (Doc. Ent. 10 at 3-5) and denying plaintiff's motion for entry of default (Doc. Ent. 10 at 6-7).  As to plaintiff's deposition, my November 15, 2010 order contained the following protections:

---

[1]Judge Borman referred the motion to me for hearing and determination.  Doc. Ent. 9.  He has also referred this case to me for pretrial matters.  Doc. Ent. 11.

Defendants are entitled to depose plaintiff about matters relevant to the claims in
the complaint. Any such deposition shall take place in accordance with the Fed.
Rules Civ. P. governing disclosures and discovery (Rules 26-37) - for example
Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits."), Fed. R. Civ. P. 30(c)
("Examination and Cross-Examination; Record of the Examination; Objections;
Written Questions.") and Fed. R. Civ. P. 30(d) ("Duration; Sanction; Motion to
Terminate or Limit.").

Doc. Ent. 13 at 4-5.

**B.      Plaintiff Was Deposed on June 10, 2011 Deposition at Alger Correctional Facility
(LMF).**

On June 10, 2011, plaintiff was deposed at Alger Correctional Facility (LMF) in

Munising, Michigan, which is located in Michigan's upper peninsula.  Doc. Ent. 41-2

(Transcript).[2]  Present for the City of Detroit was attorney John A. Schapka.  Attorney Karie

Holder Boylan appeared for Wayne County by telephone.

**C.      On June 20, 2011, Plaintiff Filed a Motion to Suppress the Deposition.**

Currently before the Court is plaintiff's June 20, 2011 motion to suppress the June 10,

2011 deposition of plaintiff (Doc. Ent. 29).  In support of his motion, plaintiff claims:

(1)      Plaintiff never received a copy of this Court's [November 15, 2010] order
[Doc. Ent. 13] granting Defendant leave to depose Plaintiff or the order
denying Plaintiff's motion for appointment of counsel to represent him at
the requested deposition,

(2)      Plaintiff received only four days notice of the [June 10, 2011] deposition
[*see* Fed. R. Civ. P. 30(b)(1)], and

(3)      many of the questions asked of Plaintiff at the [June 10, 2011] deposition
were irrelevant, immaterial, involved privileged matters, and were asked in
a manner to annoy, embarrass, oppress, and harass [*see* Fed. R. Civ. P.
30(d)(3)(A)].

---

[2]The transcript of this deposition is attached to defendants' Muhammad, Alicia Smith, Stair
and Stephens's August 17, 2011 Fed. R. Civ. P. 56 motion for summary judgment (Doc. Ent. 41),
regarding which I entered a report and recommendation on March 8, 2012 (Doc. Ent. 57).

Doc. Ent. 29 at 1.  In the end, plaintiff asks the Court "to suppress the deposition of Plaintiff conducted on June 20, 2011 for lack of sufficient notice resulting in prejudice to Plaintiff's rights."  Doc. Ent. 29 at 4.[3]

**D.       Plaintiff's Motion Is Denied.**

**1.       Leave to depose a prisoner**

Fed. R. Civ. P. 30 governs depositions by oral examination.  With respect to when a deposition may be taken, the rule provides in part that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison."  Fed. R. Civ. P. 30(a)(2)(B).

Following defendants Stair and Muhammad's Rule 30(a) motion (Doc. Ent. 8), they received leave to depose plaintiff Smith by my November 15, 2010 order (Doc. Ent. 13 at 3-5, 8).

**2.       Objections to the Court's November 15, 2010 order**

In the instant motion, plaintiff complains that he did not receive a copy of my November 15, 2010 order (Doc. Ent. 13); therefore, he contends, he "did not know he would be deposed or that he would not have counsel at any possible deposition."  He further contends that this lack of notice of my November 15, 2010 order (Doc. Ent. 13) "prevented him from asserting his right to

---

[3]Defendants have not filed a response to plaintiff's June 20, 2011 motion to suppress (Doc. Ent. 29).  Although the Court could grant plaintiff's motion on this basis alone, *see* E.D. Mich. LR 7.1(c)(1), plaintiff's motion will be denied for the reasons stated below.

appellate review by [Judge Borman] under [Fed. R. Civ. P.] 72[⁴] and 28 [U.S.C.] [§] 636."[5]

Doc. Ent. 29 ¶ 4.

As to plaintiff's claim that he did not know he would be deposed, I note that, even if

plaintiff did not timely receive a copy of my November 15, 2010 order (Doc. Ent. 13),

defendants' October 18, 2010 motion for leave to depose (Doc. Ent. 8) and plaintiff's October

27, 2010 response thereto (Doc. Ent. 10) put plaintiff on notice that defendants intended to take

plaintiff's deposition.  Then, on June 6, 2011, when plaintiff received the notice mailed on June

2, 2011 for a June 10, 2011 deposition (Doc. Ent. 29 ¶ 8), he might have considered filing a

motion for a protective order pursuant to Fed. R. Civ. P. 26(c) ("Protective Orders.").  Instead, he

filed the instant motion - dated June 15, 2011 and filed June 20, 2011 (Doc. Ent. 29) - to

suppress his June 10, 2011 deposition.

As to plaintiff's claim that he first saw the Court's November 15, 2010 order (Doc. Ent.

13) at his June 10, 2010 deposition (Doc. Ent. 41-2 at 3, Trans. pg. 7), I note that, even if plaintiff

had received the November 15, 2010 order (Doc. Ent. 13) in a timely manner and had filed an

---

[4]"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file *objections* to the order within *14 days* after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a) ("Nondispositive Matters.") (emphasis added).

[5]"Within *fourteen days* after being served with a copy, any party may serve and file written *objections* to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1) (emphasis added).

objection in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636, any substantive objection

plaintiff had to the portion of my November 15, 2010 order which addressed defendants' motion

for leave to depose (Doc. Ent. 13 at 3-5), would likely have been overruled on the basis that

defendants are entitled to depose the opposing party in a lawsuit.  *See*, *i.e.*, Fed. R. Civ. P. 26(b)

("Discovery Scope and Limits.").

Likewise, as to plaintiff's claim that he did not know he would not have counsel at any

deposition, any objection to the portion of my November 15, 2010 order which addressed

plaintiff's motion to appoint counsel (Doc. Ent. 13 at 5-7, 8), may well have been overruled for

the reasons articulated in my November 15, 2010 order and recently repeated in my March 13,

2012 order (Doc. Ent. 61) denying without prejudice plaintiff's June 17, 2011 second motion to

appoint counsel (Doc. Ent. 27).

**3.      Reasonable written notice of the deposition**

With respect to notice, Rule 30 provides, "[a] party who wants to depose a person by oral

questions must give ***reasonable written notice*** to every other party.  The notice must state the

time and place of the deposition and, if known, the deponent's name and address.  If the name is

unknown, the notice must provide a general description sufficient to identify the person or the

particular class or group to which the person belongs."  Fed. R. Civ. P. 30(b)(1) ("Notice in

General.") (emphasis added).

Citing Rule 30(b)(1), plaintiff claims he received the notice mailed on June 2, 2011 on

June 6, 2011 for a June 10, 2011 deposition.  Therefore, he only had four (4) days to prepare for

the deposition.  Plaintiff claims this was an insufficient amount of time "to research the rules

governing depositions, including which questions he could object to and what his rights were

during a deposition." Doc. Ent. 29 ¶¶ 1, 8.[6]  For example, plaintiff claims he did not know he

could file a motion to terminate or limit the deposition pursuant to Fed. R. Civ. P. 30(d)(3)

("Motion to Terminate or Limit.") based upon the manner in which defense counsel examined

plaintiff on "irrelevant, immaterial . . . privileged matters[.]"  Doc. Ent. 29 ¶ 8.

With respect to reasonable notice under Fed. R. Civ. P. 30(b)(1), plaintiff cites *C & F*

*Packing Co., Inc. v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 678-680 (N.D. Ill. 1989) ("the

reasonableness of notice must be determined under the individual circumstances of each case[,]"

and "counsel is entitled, when possible, to a date which does not conflict with other obligations

and to ***an opportunity to prepare for the deposition***. . . . The mere fact that Doskocil's counsel

physically was given an opportunity to attend does not make the notice reasonable.") (emphasis

added); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) ("Thus, ten

business days' notice would seem reasonable. But, just as negligence in the air does not exist,

neither does reasonableness:  the analysis is necessarily case-specific and fact-intensive.  What

would be reasonable even in a late stage of a relatively simple case with few lawyers may take on

a very different cast where, as here, the case is exceedingly complex, the depositions are to occur

virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the

schedules of the deponents and a number of lawyers would be unable to accommodate the

belatedly filed notices."); and *United States v. Philip Morris, Inc.*, 312 F.Supp.2d 27, 36-37 (D.C.

Cir. 2004) ("The witnesses in this case—busy Department of Justice attorneys with other

---

[6]Plaintiff explains that this is so, "given Plaintiff's limited access to the prison law library (three 2-hour sessions per week), his status as a layman in the law and as a pro se litigant, his fifth-grade education, and the complexity of this ten-count case against six defendants, all of whom are state officials and thus represented by skilled and experienced counsel[.]" Doc. Ent. 29 ¶ 8.

professional and personal commitments—were served with subpoenas three business days, or less, before the scheduled depositions.  Needless to say, ***notice of three business days, especially to busy litigators who need to prepare to testify about events occurring six to nine years previously, does not constitute 'reasonable notice.'***  The violation of Rule 30(b)(1) by Koslowe, *et al.*, is clear.") (emphasis added).  Doc. Ent. 29 ¶ 1.

However, in this case, plaintiff is not entitled to have his deposition testimony suppressed on the basis that he did not receive reasonable written notice of the June 10, 2011 deposition. First, given that plaintiff is now, and was at the time of the deposition in question, an inmate of the Michigan Department of Corrections currently incarcerated at AMF, he has not shown he would have been unable to attend his deposition at that institution with only four (4) days notice. *See*, *i.e.*, *Boles v. Lewis,* No. 1:07-cv-277, 2009 WL 3060422, 1 (W.D. Mich. Sept. 22, 2009) ("The purpose of the notice requirement in Rule 30(b)(1) is to give all other parties notice of the deposition so that they may attend and cross examine the person being deposed.") (citing 8A Charles Allen Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2106 (2d ed.1994)); *Kullman v. New York*, No. 07-cv-716, 2009 WL 1562840, 6 (N.D.N.Y. May 20, 2009) ("the notice requirement of Rule 30(b)(1) serves to notify other parties of the date, time, and place of a deposition so that they can attend and participate.  It serves as a discovery device for parties to obtain information from witnesses to determine if they have information supporting their claims or defenses or to determine testimony the witness may offer in support of another party.").

Second, as can be seen from the deposition transcript (Doc. Ent. 41-2) discussed in more detail below, the topics upon which defense counsel examined plaintiff were not complicated.

*Sullivan v. Dollar Tree Stores, Inc.*, No. 07-5020, 2008 WL 706698, 2 (E.D.Wash. Mar. 14, 2008) ("Plaintiff's amended notice, which provided Defendant four-days to prepare one or more corporate designees, was not reasonable for purposes of Rule 30(b)(1)[.]); *Bethany Medical Center v. Harder*, No. 85-2415, 1987 WL 47845, 9 (D. Kan. Mar. 12, 1987) (where plaintiff served defendant's expert witness on a Friday with a Subpoena Duces Tecum and a Notice to Take Deposition the following Monday, "it is clear that defendant's witness did not receive reasonable notice of the deposition. The court finds, however, that defendant waived any right to object to plaintiff's failure to give reasonable notice when Hawkins voluntarily complied with the subpoena and gave his deposition on December 22.").

4.     **Objections at the time of the deposition**

Plaintiff contends that he "objected at the beginning of the deposition to the fact that (a) he had not received a copy of this Court's order [dated November 15, 2010 (Doc. Ent. 13)], (b) he had not received sufficient notice of the deposition, and (c) he was therefore unprepared to protect his rights and privileges during the deposition." Doc. Ent. 29 ¶ 9.[7]  Nevertheless, in the instant motion plaintiff claims that he "fully cooperated at the deposition, out of respect for this Court and its officers (including defense counsel), providing complete and truthful answers to all questions propounded by defense counsel." Doc. Ent. 29 ¶ 10.

---

[7]At the beginning of the deposition, plaintiff mentioned his October 2010 motion for appointment of counsel (Doc. Ent. 10 at 3-4), claimed he was seeing the Court's November 15, 2010 order (Doc. Ent. 13) for the first time, stated he might have "had a window period to appeal or at least ask the Court for reconsideration[,]" and claimed he was "not receiving critical documents in this case." He also took issue with the proper docketing of his filings. He also stated, "I just wanted to make that a matter of record, and I have intention on addressing that the earlier part of next week." *See* Doc. Ent. 41-2 at 3 (pp. 7-9).

Here, the Court notes that, on June 17, 2011, plaintiff filed a motion (Doc. Ent. 25) to correct the record, which was ruled upon by this Court on March 15, 2012 (Doc. Ent. 62).

Plaintiff is not entitled to the suppression of his deposition on any of these bases.  In fact,

even if plaintiff felt he was "unprepared to protect his rights and privileges during the

deposition[,]" Doc. Ent. 29 ¶ 9, there are very few objections during a deposition which operate

to permit the deponent to withhold an answer.  As Rule 30 provides, in part:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. ***A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)*** ["Motion to Terminate or Limit."].

Fed. R. Civ. P. 30(c)(2) ("Objections.") (emphasis added).

Furthermore, I note that, at one point during the deposition, defense counsel asked

plaintiff Smith about the preliminary examination in his state court criminal case regarding the

gun charges, and the following exchange took place:

Q.   Was there a preliminary exam on these charges?
A.   Yeah.
Q.   Was there evidence offered?
A.   Oh, you know what?  There was one scheduled, but I don't – I didn't attend.
Q.   Why not?
A.   For several reasons, but one of them was something that me and my lawyer decided was best at the time and you say you wouldn't want to –
Q.   Well, I'd love to know, but it's privileged.
A.   Yeah, so.
Q.   You don't have to tell me.
A.   Right.
Q.   Did you waive the prelim exam?
A.   Yeah.
Q.   So the court scheduled an examination.  Your lawyer and you got together and decided for some tactical – strategic reason to waive the exam?
A.   Yeah.

9

Doc. Ent. 41-2 at 24-25 (pp. 93-94).

Also, as illustrated below, a Rule 30(d)(3) motion would likely have been denied.

**5.      Termination or limitation of the deposition**

**a.**      Rule 30(d) addresses the duration of a deposition, sanctions and a motion to terminate or limit the deposition.  The deposition lasted approximately two (2) hours and forty (40) minutes. It began at 10:18 a.m. and concluded at 12:56 p.m.  Doc. Ent. 41-2 at 2, 29 (pp. 4, 113).[8] Therefore, it was within the seven (7) hour duration set forth in Fed. R. Civ. P. 30(d)(1).

**b.**      Even if he had filed a motion to terminate or limit the deposition, Fed. R. Civ. P. 30(d)(3), he would need to show grounds for such a motion:

> At any time during a deposition, the deponent or a party may move to terminate or limit it *on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.*  The motion may be filed in the court where the action is pending or the deposition is being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. P. 30(d)(3)(A) ("Grounds.") (emphasis added).

Citing this rule, plaintiff contends that defense counsel "asked numerous questions that were irrelevant, immaterial, and that involved privileged matters (about Plaintiff's unrelated criminal history, family relations, unrelated lawsuits, and many other subjects[)], all in a manner that 'unreasonably annoy[ed], embarass[ed], or oppress[ed] the deponent.'"  Doc. Ent. 29 ¶ 8 (citing Fed. R. Civ. P. 30(d)(3)(A)).

---

[8]Although it appears there was no break for lunch (Doc. Ent. 41-2 at 26 p. 101), defense counsel informed plaintiff at the outset of the deposition that "if you need to take a break for any reason, you know, subject to the facility rules, just say so."  Doc. Ent. 41-2 at 3 (p. 6).

However, a brief overview of plaintiff's deposition testimony suggests that a Rule 30(d)(3) motion would have been denied. For example, during the June 10, 2011 deposition, defense counsel informed plaintiff he was going to ask background / administrative questions, inquire about plaintiff's criminal conviction and arrest history, ask about plaintiff's other civil case and then talk about the incident underlying plaintiff's complaint. *See* Doc. Ent. 41-2 at 4 (p. 10).

Furthermore, the deposition transcript tracks that outline. Defense counsel examined plaintiff on his personal, familial and educational history. *See* Doc. Ent. 41-2 at 4-8 (pp. 10-27). Then, plaintiff mentioned his case against the Department of Human Services (Case No. 11-001123-AA, St. Clair County Circuit Court); another case he filed in this Court, *Smith v. Davidson, et al.* (Case No. 4:10-cv-13898-MAG-RSW); and *Smith v. Eyke, et al.* (Case No. 10-00235, W.D. Mich.). *See* Doc. Ent. 41-2 at 5, 8-9 (pp. 16, 28-32).

Thereafter, defense counsel inquired about plaintiff's "arrest history, conviction history and the outcome of any convictions[,]" during which plaintiff mentioned the following: a 1990 arrest for felonious assault; two (2) 1991 arrests for narcotics; a 1994 arrest for armed robbery, sexual misconduct & felony firearm; a 1988 arrest for assaulting a prison employee; a February 19, 2007 arrest for domestic violence; and a March 16, 2007 arrest for felony firearm, carrying a concealed weapon & felon in possession. *See* Doc. Ent. 41-2 at 9-10 (pp. 32, 32-34). Beginning with the 1990 arrest for felonious assault and continuing to plaintiff's November 2006 release on parole, defense counsel examined plaintiff's arrest history in more detail. *See* Doc. Ent. 41-2 at 10-16 (pp. 35-61).

Then, defense counsel examined plaintiff about the circumstances underlying his complaint, from plaintiff and Stephens's December 2006 meeting, to the February 19, 2007 arrest for domestic violence to the March 16, 2007 arrest for felony firearm, carrying a concealed weapon and being a felon in possession of a firearm, to the criminal trial which resulted in a July 11, 2007 acquittal, to the October 2007 parole revocation hearing. *See* Doc. Ent. 41-2 at 16-26 (pp. 61-101). Finally, defense counsel examined plaintiff on the bases of his complaint. *See* Doc. Ent. 41-2 at 27-29 (pp. 102-113).

As to relevance, plaintiff should be aware that relevance during discovery is defined by Fed. R. Civ. P. 26(b) ("Discovery Scope and Limits."). In part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) ("Scope in General."). The Rule 26(b) definition of relevance is broader than the definition of relevance at trial, which is governed by the Federal Rules of Evidence governing relevance and its limits (Fed. Rules Evid. 401-415). For example, at trial, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401 ("Definition of 'Relevant Evidence'").

Plaintiff has not shown that defense counsel's examination of these matters warrants suppression under Fed. R. Civ. P. 30(d)(3)(A).

**6.      Use of the deposition testimony in court proceedings**

At this time, plaintiff is not entitled to a blanket denial of the use of his deposition transcript in court proceedings.

a.       Fed. R. Civ. P. 32 governs the use of depositions in court proceedings.  Plaintiff brought the instant motion pursuant to Fed. R. Civ. P. 32(d), which discusses waiver of objections to the deposition notice (Rule 32(d)(1)), to the officer's qualification (Rule 32(d)(2)), to the taking of the deposition (Rule 32(d)(3)), and to completing and returning the deposition (Rule 32(d)(4)).

The Court assumes that any reliance by plaintiff on Rule 32(d) would be based upon waiver of objections to the deposition notice (Rule 32(d)(1)) or to the taking of the deposition (Rule 32(d)(3)).  Plaintiff's objections to the notice of deposition and the taking of the deposition have been addressed above.

b.       Furthermore, the use of plaintiff's deposition transcript in this case is subject to other subsections of Fed. R. Civ. P. 32, such as Fed. R. Civ. P. 32(a) ("Using Depositions.")[9] and Fed. R. Civ. P. 32(b) ("Objections to Admissibility.").  *See also* Fed. R. Civ. P. 56(c)(2) ("Objection that a Fact Is Not Supported by Admissible Evidence.") or Fed. R. Evid. 402 ("[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.").

---

[9]Fed. R. Civ. P. 32(a)(5)(A) ("Deposition Taken on Short Notice."), provides that "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place-and this motion was still pending when the deposition was taken."  Plaintiff did not file a Rule 26(c)(1)(B) motion for protective order after receiving the deposition notice on June 6, 2011, and he was deposed on June 10, 2011.  Therefore, even if the instant June 20, 2011 motion to suppress was construed as filed under Rule 26(c)(1)(B), plaintiff's deposition was not pending at the time the deposition was taken.

**E.    Order**

For the reasons stated above, plaintiff's June 20, 2011 motion to suppress the deposition

of plaintiff (Doc. Ent. 29) is DENIED.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of

fourteen (14) days from the date of service of a copy of this order within which to file an

objection for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2012

*CERTIFICATE OF SERVICE*

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2012.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*