UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH,

        Plaintiff,

                                    Case No. 10-13763

v.

                                    Paul D. Borman
                                    United States District Judge

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,            Paul J. Komives
ALICIA SMITH, BRIAN STAIR,           United States Magistrate Judge
and KYM WORTHY,

        Defendants.

_____/

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S MARCH 2, 2012 REPORT AND
RECOMMENDATION (Dkt. No. 53),
(2) ADOPTING THE MAGISTRATE JUDGE'S MARCH 8, 2012 REPORT AND
RECOMMENDATION (Dkt. No. 57),
(3) GRANTING IN PART AND DENYING IN PART DEFENDANT WORTHY'S
MOTION TO DISMISS (Dkt. No. 30), and
(4) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. No. 41)
(5) GRANTING DEFENDANT WORTHY'S
SECOND MOTION FOR SUMMARY JUDGMENT (Dkt. No. 67)

Plaintiff Sam Smith filed this civil rights action on September 21, 2010, naming as

Defendants Detroit Police Department Sergeant Leeray Stephens, Officer Ali Muhammad, Sergeant

Alicia Smith, Commander Brian Stair, Wayne County Prosecutor Kym Worthy, Officer John Doe,

and Maria A. Petito. (Dkt. No. 1.) On June 29, 2011, Defendant Worthy filed a Motion to Dismiss.

(Dkt. No. 30.)  Plaintiff filed a Response on August 8, 2011.  (Dkt. No. 37.)  Defendants

Muhammad, Smith, Stair, and Stephens filed a Motion for Summary Judgment on August 17, 2011.

1

(Dkt. No. 41.)  Plaintiff filed a Response on September 27, 2011.  (Dkt. No. 47.)

On March 2, 2012, the Magistrate Judge filed a Report and Recommendation (R&R) to grant in part and deny in part Defendant Worthy's Motion to Dismiss.  (Dkt. No. 53.)  On March 8, 2012, the Magistrate Judge filed a Report and Recommendation to grant Defendants' Motion for Summary Judgment.   (Dkt. No. 57.)   No objections were filed to the March 2, 2012 Report and Recommendation.   However, Plaintiff did file Objections to the March 8, 2012 Report and Recommendation on March 22, 2012. (Dkt. No. 65.)

On August 22, 2012, Defendant Worthy filed a Second Motion for Summary Judgment, raising the same argument previously raised by Defendants regarding the *Heck v. Humphrey* doctrine, discussed *infra*.

For the reasons stated below, the Court will:

(1) ADOPT the Magistrate Judge's March 2, 2012 Report and Recommendation;

(2) GRANT in part and DENY in part Defendant Worthy's Motion to Dismiss;

(3) ADOPT the Magistrate Judge's March 8, 2012 Report and Recommendation; and

(4) GRANT Defendants' Motion for Summary Judgment;

(5) GRANT Defendant Worthy's Second Motion for Summary Judgment;

(6) DISMISS Defendants Doe and Petito.

## I. BACKGROUND

The Court adopts the facts set forth in the Magistrate Judge's March 2, 2012, Report and Recommendation.  These facts are the same as the facts set forth in the March 8, 2012, Report and Recommendation.

2

## II.  LEGAL STANDARD

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court must review that portion *de novo*.  Fed. R. Civ. P. 72(b).

Defendants have moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.  This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al.*, 475 U.S. 547, 587 (1986).  Once this burden is met, the opposing party must produce some facts showing there is a genuine issue for trial.  *Id.*  If a rational trier of fact could not, based on the record as a whole, find in favor of the party opposing summary judgment, then summary judgment is granted in favor of the moving party.  *Id.*  The Court must view the facts and draw all reasonable inferences in favor of the non-moving party.  The Court does not determine if all of the evidence favors one side or the other, but "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## III.  ANALYSIS

The Court first notes that no objections have been filed regarding the March 2, 2012 Report and Recommendation.  The Court will therefore **ADOPT** the March 2, 2012 Report and Recommendation, and **GRANT** in part and **DENY** in part Defendant Worthy's June 29, 2011 motion to dismiss.  All claims against Defendant Worthy that arise out of the 2007 prosecution of Plaintiff are dismissed.  However, Defendant Worthy's Motion will not be granted regarding

Plaintiff's conspiracy claim, for reasons set forth in the March 2, 2012 Report and Recommendation at page 9 through 11.

## A. Defendants Stephens, Stair, Muhammad, and Smith's Motion for Summary Judgment

### 1. Statute of Limitations

Defendants argue that Plaintiff's state law claims for false arrest, false imprisonment, and malicious prosecution, are barred by the statute of limitations. There is no dispute that the applicable statute of limitations on Plaintiff's tort claims is two years. *See* Mich. Comp. Laws § 600.5805(2), (5), and (8). Defendants assert that Plaintiff's claims for false arrest and false imprisonment accrued on March 16, 2007, when Plaintiff was arrested, and that his malicious prosecution claim accrued on July 11, 2007, the day he was acquitted.

Plaintiff does not dispute that his causes of action accrued in 2007. However, Plaintiff argues that Defendants should be equitably estopped from asserting the statute of limitations as a defense, because they intentionally induced Plaintiff to forestall litigation. Plaintiff claims that Defendants Muhammad, Stair, and Smith, repeatedly told him that they would "seriously and thoroughly investigate" his claims. (Obj. 5.) Plaintiff asserts that he justifiably relied on these representations in delaying the filing of the instant claims.

The Magistrate Judge concluded as follows regarding Plaintiff's estoppel argument:

> To be sure, the Court recognizes that plaintiff's efforts to seek an investigation of Stephen's conduct began with plaintiff's July 18, 2008 letter to Worthy, continued with the several letters discussed above and culminated with Stair's March 5, 2010 letter. However, nothing prevented plaintiff from filing his state-law claims within two-years of the March 16, 2007 accrual of his false arrest and false imprisonment claims, or, in the absence of an event which would have tolled the statute, by March 16, 2009.

4

2:10-cv-13763-PDB-PJK   Doc # 68   Filed 09/10/12   Pg 5 of 9   Pg ID 485

(March 8, 2012 R&R at 12 (citations omitted).) The Magistrate Judge further concluded that Plaintiff's federal constitutional claims were also barred by the statute of limitations, because he was not prevented from filing them within three years of the July 11, 2007 accrual of the claims. (March 8, 2012 R&R at 15.)

Plaintiff argues that the Magistrate Judge erred by applying the doctrine of equitable tolling, rather than the doctrine of equitable estoppel. Plaintiff claims that unlike equitable tolling, the doctrine of equitable estoppel, under both Michigan law and federal law, does not require a plaintiff to show that he was prevented from timely filing a claim. *See West Amer. Ins. Co. v. Meridian Mutual Ins. Co.*, 230 Mich. App. 305, 310 (1998) (noting that equitable estoppel arises where "(1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts."); *see also Cunningham v. Interlake S.S. Co.*, 567 F.3d 758, 760 (6th Cir. 2009) (noting that "[e]quitable estoppel tolls a statute of limitations if a defendant actively prevents the plaintiff from timely filing his or her claims.").

Plaintiff argues that he did not file the instant civil claims until September 2010 because he was seeking "administrative remedies" for Defendant Stephens' allegedly perjured testimony. (March 8, 2012 R&R at 3.) Plaintiff asserts that he relied on the assurances from Defendants Muhammad, Stair, and Smith, that they were investigating his claims. However, these assurances were not "conduct clearly designed to induce the plaintiff to refrain from bringing action within the period fixed by statute." *Lothian v. City of Detroit*, 414 Mich. 160, 177 (1982). Unlike the

5

2:10-cv-13763-PDB-PJK   Doc # 68   Filed 09/10/12   Pg 6 of 9   Pg ID 486

insurance cases that Plaintiff relies on,[1] Defendants made no representations regarding Plaintiff's potential civil claims. Plaintiff was free to file his civil claims against Defendant Stephens at any time while also seeking internal, "administrative remedies" against him. Accordingly, Defendants' statements that they were investigating Plaintiff's allegations were not representations that were meant to cause Plaintiff to refrain from filing a civil action. Plaintiff cannot therefore claim that Defendants are equitably estopped from asserting a statute of limitations defense. Plaintiff's state-law claims are thus barred by the statute of limitations.

2. Heck v. Humphrey *Bar to Federal Claims*

The Magistrate Judge concluded that Plaintiff's § 1983 claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

Plaintiff has not shown that his parole hearing was reversed, expunged, declared invalid, or called into question on a writ of habeas corpus. The Magistrate Judge thus found that Plaintiff's § 1983 claims were barred because "a successful due process or probable cause challenge to Plaintiff's parole revocation would necessarily imply the invalidity of the underlying parole revocation[.]" (March 8, 2012 R&R at 19.)

---

[1]*See Cincinnati Ins. Co. v. Citizens Ins. Co.*, 454 Mich. 263 (1997); *West Amer. Ins. Co. v. Meridian Mut. Ins. Co.*, 230 Mich. App. 305 (1998).

Plaintiff argues that the Magistrate Judge erred because his claims, if allowed to go forward, would not necessarily invalidate his parole revocation hearing. Plaintiff asserts that his "parole could have been revoked even without the gun-possession violation, since he was found guilty of other parole violations at the very same parole-revocation hearing." (Obj. 7.)

Plaintiff relies on *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), which held that, "when the relief sought in a § 1983 claim has only a *potential* effect on the amount of time a prisoner serves, the habeas bar does not apply." *Id.* at 439 (emphasis in original). Plaintiff notes that he was convicted of several parole violations at his revocation hearing, and asserts that the parole board "could still have returned Plaintiff to prison because Plaintiff was found guilty of other, unrelated parole violations at the same hearing." (Obj. 10.)

Plaintiff's argument is unavailing. At his deposition, Plaintiff testified that he pled guilty to six minor parole violations: two curfew violations, two violations for failure to register as a sex offender, one violation for failure to change address, and one violation for failure to report and abscond. (Defs.' Mot., Ex. 2, Smith Dep. 98-99.) Plaintiff challenged the two gun possession violations, which he admitted were the reason he received a five-year sentence:

| | |
|---|---|
| Q | What about the two weapons allegations at the parole violation? What was the outcome of those? |
| A | I was given five years. |
| Q | So you were found guilty of the two weapons violations at the parole hearing? |
| A | Because of Stephens perjury testimony, yes, I was found guilty and received five years. And I want to add something to the record. |
| Q | Sure. Go ahead. |
| A | There's no parole violation that can get you give years, but a weapon. It's the only one. So, you know, it has been mentioned before when Ali Muhammad was trying to whitewash Stephens' crimes, he was saying "Well, you have |

7

other parole violations" and I was trying to explain to him which he was pretending like he didn't understand. There's only one parole violations that can get you five years. All those other parole violations --

Q     Those are less than five year type offenses?

A     Well, I could have received TRV.

Q     What's TRV?

A     It's -- you don't get returned to prison. It's like you go to a program -- for a disciplinary program. Or I could have got violated for those other ones, maybe a year, 187 months or two years, but no violation -- no matter if I had 30 parole violations, none of them constitute five years except a weapon.

(Smith Dep. 100-01.)

Accordingly, Plaintiff has admitted that the basis for his § 1983 claims – Defendant Stephens' allegedly perjured testimony – directly resulted in his five year sentence at the probation violation hearing. The relief Plaintiff seeks under § 1983 would therefore have more than a mere potential to affect the amount of time he served in prison. Plaintiff's federal claims are thus barred under the *Heck* doctrine.

**B. Defendants Doe and Petito**

Defendants John Doe and Maria A. Petito have not filed an appearance in this case nor filed any pleading. Nevertheless, because the arguments addressed above apply with equal force to the claims against them, the Court will also dismiss Defendants John Doe and Maria A. Petito.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **ADOPT** the Magistrate Judge's March 2, 2012 Report and Recommendation;

(2) **GRANT** in part and DENY in part Defendant Worthy's Motion to Dismiss;

(3) **ADOPT** the Magistrate Judge's March 8, 2012 Report and Recommendation; and

8

(4) **GRANT** Defendants' Motion for Summary Judgment;

(5) **GRANT** Defendant Worthy's Second Motion for Summary Judgment;

(6) **DISMISS** Defendants Doe and Petito.

This closes the case.

**IT IS SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:   9 - 10 - 12