UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM SMITH,

       Plaintiff,

                                               Case No. 10-13763

v.

                                               Paul D. Borman
                                               United States District Judge

LEERAY STEPHENS,
JOHN DOE, ALI MUHAMMAD,                Paul J. Komives
ALICIA SMITH, BRIAN STAIR,                United States Magistrate Judge
and KYM WORTHY,

       Defendants.

_____/

**OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THIS COURT'S
SEPTEMBER 10, 2012 OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT (Dkt. No. 71), and
<u>(2) ISSUING AN AMENDED JUDGMENT TO CORRECT A CLERICAL ERROR</u>**

On September 10, 2012, the Court entered an Opinion and Order (1) Adopting the Magistrate Judge's March 2, 2012 Report and Recommendation, (2) Adopting the Magistrate Judge's March 8, 2012 Report and Recommendation, (3) Granting in Part and Denying in Part Defendant Worthy's Motion to Dismiss, (4) Granting Defendants' Motion for Summary Judgment, and (5) Granting Defendant Worthy's Second Motion for Summary Judgment. (Dkt. No. 68.)

Plaintiff filed a Second Motion to Amend Complaint on September 14, 2012. (Dkt. No. 70.) On September 20, 2012, Plaintiff filed a Motion to Alter or Amend This Court's September 10, 2012 Opinion and Order Granting Defendants' Motions for Summary Judgment. (Dkt. No. 71.) The Court denied Plaintiff's Second Motion to Amend Complaint on September 24, 2012. (Dkt. No. 72.)

1

Plaintiff argues that the Court erred in granting Defendants' motions for summary judgment because Plaintiff's Second Motion to Amend Complaint contained a meritorious argument that undermined the arguments based on *Heck v. Humphrey*, 512 U.S. 477 (1994), put forth by Defendants. The Court construes Plaintiff's motion as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

In its September 10, 2012 Opinion and Order, the Court held that Plaintiff's federal claims were barred under the United States Supreme Court decision in *Heck v. Humphrey*, *supra*, because Plaintiff's claims are based on allegedly perjured testimony that resulted in Plaintiff's imprisonment for two gun possession parole violations. (Sept. 10, 2012 Op. and Order at 7-8.) Plaintiff admitted at his deposition that the gun possession charges were the reason he received a five-year prison sentence. Plaintiff argues in the instant motion that the Court erred in finding that Plaintiff's claims were barred by *Heck v. Humphrey*, "because Plaintiff has now fully served the five-year parole violation and thus, success on Plaintiff's 1983 claims against [Defendant] Worthy could not possibly lead to his speedier release." (Pl.'s Mot. to Alter or Amend at 2.)

The Court notes, however, that Plaintiff is still incarcerated. Furthermore, the Parole Board

Notice of Decision dated March 2, 2012, which Plaintiff attached to his Second Motion to Amend Complaint, listed among the reasons supporting the decision to deny parole that Plaintiff's crime and criminal behavior "[i]nvolved a dangerous weapon(s)." (Pl.'s Second Mot. to Amend Compl., Ex. A-2.)  Although Plaintiff may have served the five-year *minimum* for his weapons violations, he continues to be incarcerated for these violations.  Plaintiff's § 1983 claims thus seek to invalidate at least one of the reasons for Plaintiff's current incarceration and have more than a mere potential to affect the amount of time he serves in prison.  Plaintiff has therefore failed to demonstrate any palpable defect in this Court's September 10, 2012 Opinion and Order holding that Plaintiff's claims are barred under *Heck v. Humphrey*.

Plaintiff also argues that the Court erred by ruling on Defendant Worthy's motion when it was untimely filed.  The Court notes that the *Heck v. Humphrey* argument was fully briefed and argued in Defendants Stephens, Stair, Muhammad and Smith's August 17, 2011 Motion for Summary Judgment. (Dkt. No. 41.)  Although Defendant Worthy did not adopt this argument until after the dispositive motion deadline, the *Heck v. Humphrey* arguments raised by the other Defendants in this matter apply equally to the federal claims asserted against Defendant Worthy.  Thus, Plaintiff has not demonstrated that the Court's grant of summary judgment in favor of Defendant Worthy constitutes a palpable defect.

Plaintiff also notes that the September 10, 2012 Judgment in this matter is incorrectly dated "August 9, 2012."  The Court will issue an Amended Judgment to correct this clerical error.

Accordingly, for the reasons stated above, Plaintiff's Motion to Alter or Amend This Court's September 10, 2012 Opinion and Order Granting Defendants' Motions for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2013.

s/Deborah Tofil
Case Manager